***********
Based upon information contained in I.C. File LH-0336 and upon an investigation made by the Investigations Section of the Industrial Commission, the Full Commission makes the following:
 FINDINGS OF FACT
1. Decedent, Carl Thomas Johnson, was a firefighter with the North Carolina Division of Forest Resources at the time of his death on 20 August 2003.
2. Decedent's death occurred in the following manner: During the week of 15 August 2003, decedent was returning to North Carolina from a 14 day tour of fighting fires in the Midwest. Upon his return to North Carolina, decedent began assisting staff in running the operations of the Forestry Operations Center which was involved in fighting five large-scale fires across the United States. Decedent was maintaining constant fire staff communications and was on 24 hour call, monitoring the activity of all NC Forester's at all other fire locations in different states.
3. As decedent was leaving the Operations Center at 17:10 hours on 19 August 2003, he complained to a co-worker, Ciscellia Greer that he had been experiencing chest pains earlier that day. Decedent continued working on the telephone from his home until 23:00 hours on 19 August 2003. On the morning of 20 August 2003, decedent was discovered by his wife to have died at their residence. The cause of death as listed in decedent's autopsy is "hypertensive and atherosclecotic cardiovascular disease."
3. At the time of his death, decedent was married to Sherry McGee Johnson who resided with decedent for at least six months prior to his death. Decedent had no children.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-166.2(c) states that "when a fireman dies as the direct and proximate result of a myocardial infarction suffered while on duty or within 24 hours after participating in a training exercise or responding to an emergency situation, the fireman is presumed to have been killed in the line of duty."
2. Given the facts of this case, the Full Commission concludes that decedent's death on 20 August 2003 was causally related to his activities as a fire fighter. Therefore, Decedent was an eligible firefighter employed by the North Carolina Division of Forest Resources at the time of his death.
3. Decedent is survived by his wife, Sherry McGee Johnson, who is eligible for the award of death benefits under N.C. Gen. Stat. § 143-166.1 et seq.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. The sum of $50,000.00 is hereby awarded to Sherry McGee Johnson as the qualified surviving spouse of Carl Thomas Johnson payable as follows: the sum of $20,000.00 shall be paid immediately to Sherry McGee Johnson. Thereafter, the sum of $10,000.00 shall be paid annually to Sherry McGee Johnson as long as she remains unmarried until such time as the balance of all payments equal $50,000.00. This sum shall be paid from funds appropriated by the State Treasurer for the purpose set forth in N.C. Gen. Stat. § 143-166.1 et seq. If Sherry McGee Johnson becomes ineligible for benefits before the Award is fully paid, the balance of the payments under this Award shall be made to other eligible person(s).
2. A copy of this Award shall be furnished the Office of the State Treasurer for the purpose of having compliance with this Award, and the Commission shall be advised of the date or dates of payments made.
3. No costs are assessed before the Commission.
This the ___ day of March, 2004.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER